JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SAGI MUKATIN,

          Petitioner,

    v.

LOS ANGELES COUNTY,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 21-8291-GW (JEM)

ORDER SUMMARILY DISMISSING
PETITION AND DENYING A CERTIFICATE
OF APPEALABILITY

On October 18, 2021, Sagi Mukatin ("Petitioner") filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). Petitioner challenges his 1999 conviction and sentence in Los Angeles County Superior Court Case No. BA169779 ("1999 Conviction").  (Pet. at 1.)[1]

## PRIOR PROCEEDINGS

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in this Court, <u>Sagi Mukatin v. James A. Yates</u>, Case No. CV 06-2845-MMM (MLG) ("2006 Habeas Action), and <u>Sagi Mukatin v. Warden</u>, Case No. CV 07-2461-MMM (MLG) ("2007 Habeas Action").  <u>See</u> <u>United States v. Wilson</u>, 631

---

[1]  The Court refers to the pages of the Petition as numbered by the CM/ECF system.

F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted); accord United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

In the 2006 and 2007 Habeas Actions, Petitioner challenged his 1999 Conviction.[2] (2006 Habeas Action, ECF 7 at 1; 2007 Habeas Action, ECF 3 at 1.)  The 2006 Habeas Action was dismissed with prejudice as untimely on August 18, 2006.  (2006 Habeas Action, ECF 16 at 8, ECF 17.)  The 2007 Habeas Action was dismissed without prejudice as an unauthorized second or successive petition on May 22, 2007.  (2007 Habeas Action, ECF 3 at 3, ECF 4.)  The instant Petition, filed October 18, 2021, also challenges the 1999 Conviction.  (Pet. at 1.)

**DISCUSSION**

**I.      DUTY TO SCREEN**

This Court has a duty to screen habeas corpus petitions.  See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72-3.2.  The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'"  See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

///

///

///

---

[2]  It appears that Petitioner filed his first federal habeas petition in 2001, in the matter of Sagi Mukatin v. Ernest Roe, CV 01-6589-MMM (AIJ) ("2001 Habeas Action"), which was dismissed without prejudice on September 14, 2001.  (2001 Habeas Action, ECF 7.)  Because the 2006 Habeas Action was later dismissed with prejudice as untimely, and the 2007 Habeas Action was later dismissed without prejudice as an unauthorized second or successive petition, the 2001 Habeas Action is not relevant to the Court's analysis herein.

**II.   THE PETITION IS SUBJECT TO SUMMARY DISMISSAL AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. Burton v. Stewart, 549 U.S. 147, 152 (2007)

1   (per curiam); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam)

2   ("When the AEDPA is in play, the district court may not, in the absence of proper authorization

3   from the court of appeals, consider a second or successive habeas application.") (citation and

4   quotation marks omitted).

5         The instant Petition is a second or successive petition challenging the same conviction

6   at issue in the 2006 Habeas Action, which was dismissed with prejudice as untimely, and the

7   2007 Habeas Action, which was dismissed without prejudice as an unauthorized second or

8   successive petition.  See McNabb, 576 F.3d at 1029.  There is no indication in the record that

9   Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or

10  successive petition.[3]  This Court, therefore, lacks jurisdiction over the Petition under 28 U.S.C.

11  § 2244(b)(3).  See Burton, 549 U.S. at 152.

12        Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a

13  new action if he obtains permission from the Ninth Circuit to file a second or successive

14  petition.[4]

15  ///

16  ///

17

---

18    [3]  Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or
19  successive section 2254 petition . . . is mistakenly submitted to the district court, the district court
    shall refer it to the court of appeals."  Rule 22-3(a) also permits the district court to refer a second
20  or successive 2254 petition to the Ninth Circuit in the interests of justice.  In this case, there is no
    indication that the instant Petition is actually an application for authorization to file a second or
21  successive petition that was mistakenly filed here, and the Court declines to construe it as such.
    The Court also does not find that it is in the interests of justice to refer the Petition to the Ninth
22  Circuit under Rule 22-3(a) because Petitioner has previously filed federal habeas petitions
    pertaining to his 1996 Conviction.  One of those habeas petitions was dismissed in 2007 because
23  it was an unauthorized second or successive petition and, therefore, it is clear that Petitioner is
    aware of the requirement to obtain permission from the Ninth Circuit to proceed with another
24  habeas action.  If Petitioner seeks authorization to file a successive habeas petition, he should
    submit his application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit
25  Rule 22-3.
26

27    [4]  If Petitioner obtains permission to file a second petition, he should file a new petition for writ
    of habeas corpus.  He should not file an amended petition in this action or use the case number
28  from this action because the instant action is being closed today.  When Petitioner files a new
    petition, the Court will give the petition a new case number.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice as an unauthorized second or successive petition.  For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: November 5, 2021

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE